UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. BERNAL,<br><br>    Petitioner,<br><br>  v.<br><br>MONTGOMERY, Warden,<br><br>    Respondent. | Case No. CV 14-5091 PA(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed petitioner's Motion to Stay and Abey Petition ("Motion to Stay"), the operative First Amended Petition for Writ of Habeas Corpus ("Petition"), and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.

      Although not referenced by petitioner, the Court notes that subsequent to the issuance of the Report and Recommendation, the California Supreme Court decided People v. Sanchez, 63 Cal. 4th 665 (2016), in which it held that "case-specific statements" related by a prosecution expert concerning a defendant's gang membership may constitute inadmissible hearsay where the expert presents them as true statements of fact without the requisite independent proof. It determined that such inadmissible statements violate the Confrontation Clause if the hearsay is testimonial, unless there is a showing of unavailability and the defendant had a prior opportunity for cross-examination or forfeited that right. Sanchez, 63 Cal. 4th at 677. It did "not call into question the propriety of an expert's testimony concerning background information regarding his knowledge and expertise and premises generally accepted in the field." Id. at 685. Sanchez does not alter the Court's view that petitioner is not entitled to federal habeas relief in this case.

      First, the California Supreme Court's foregoing determination of federal constitutional law does not constitute "clearly established Federal law, as determined by the Supreme Court of the United States" (28 U.S.C. § 2254(d)) and is not binding on this Court. Second, none of petitioner's claims are predicated upon an alleged violation of the Confrontation Clause. Finally, even assuming petitioner had raised such a claim (or that the claims he has raised can fairly be construed to encompass such a claim) and that Sanchez was binding on this Court (or that the Court elected to adopt its analysis), the Court would find that the admission of at least most of the testimony of the gang expert (Detective Aguirre) in this case was proper, that it did not violate due process or the Confrontation Clause, that any federal constitutional violation which may have occurred was harmless, and that any failure by petitioner's counsel to object to any such testimony did not prejudice petitioner. For example, although Detective Aguirre's opinion that petitioner was a gang member was predicated in part on third party field identification cards and crime reports, and conversations with other officers, it

1  was also predicated on petitioner's gang tattoos and admissions of gang
2  membership to Aguirre.  (RT 1535-42).  Further, another testifying police officer –
3  Jose Vasquez – also opined that petitioner was a gang member who personally
4  admitted to Vasquez that he was a gang member.  (RT 1567-68).  In short, even
5  when considering <u>Sanchez</u>, petitioner is not entitled to federal habeas relief.
6        IT IS ORDERED that the Motion to Stay is denied as moot, the Petition is
7  denied on its merits, and this action is dismissed with prejudice, and that Judgment
8  be entered accordingly.
9        IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the
10 Report and Recommendation, and the Judgment herein on petitioner and counsel
11 for respondent.
12       IT IS SO ORDERED.

14       DATED: August 13, 2016

16       _____
17       HONORABLE PERCY ANDERSON
         UNITED STATES DISTRICT JUDGE